**BURRIS, NISENBAUM, CURRY, AND LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY, AND LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
julia.quesada@johnburrislaw.com
lena.andrews@johnburrislaw.com

Attorneys for Plaintiffs,
Ymelda Elena, Mario Elena, and
I.J., a minor by and through her
Guardian Ad Litem, Maria Cervantes

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YMELDA ELENA, an individual; MARIO ELENA, an individual; and I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, individually and as Successor-in-Interest to Decedent Daniel Elena-Lopez, <br><br>            Plaintiffs, | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 42 U.S.C. § 1983: Fourth and Fourteenth Amendments <br> Cal. Civ. Code § 52.1 <br> Pendent Tort Claims <br><br> **<u>JURY TRIAL DEMANDED</u>** |

vs.

CITY OF LOS ANGELES, a municipal entity; WILLIAM JONES, JR., individually and in official capacity as a police officer for the Los Angeles Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police officers for Los Angeles Police Department,

Defendants.

## **INTRODUCTION**

1.      This civil rights case arises out the egregious shooting and wrongful death of Daniel Elena-Lopez by City of Los Angeles police officer, William Jones, Jr. On December 23, 2021, Officer Jones and several other officers for the Los Angeles Police Department responded to the Burlington Coat Factory in North Hollywood. Officer Jones improperly assessed the situation from the outset. After arming himself with a rifle, Officer Jones unilaterally assigned himself as point person, deliberately broke formation and pushed through the line of officers. Despite the repeated commands to "hold up" and "slow down," Officer Jones disregarded his fellow officers and continued his deadly pursuit, resulting in utter tragedy. Mr. Elena-Lopez was first encountered by Officer Jones near the dressing rooms at the far end of the aisle with his back turned. Without warning or provocation, Officer Jones inexcusably fired his rifle three (3) times, striking Mr. Elena-Lopez and a minor who was inside the dressing room sheltering in place. Two lives were wrongfully taken as a result.

2.      The actions taken by Officer Jones were a gross departure from his training. Officer Jones' conduct, including his use of lethal force, was reckless, unjustified, and entirely unreasonable under the circumstances.

3.      Accordingly, this wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law, in connection with the use of lethal force, resulting in the death of Decedent, Daniel Elena-Lopez.

## JURISDICTION AND VENUE

4.      This action arises under Title 42 of the United States Code, § 1983. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. The unlawful acts and practices alleged herein occurred in the City of North Hollywood, County of Los Angeles, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## PARTIES

6.      Decedent DANIEL ELENA-LOPEZ (hereinafter "Decedent Daniel") was an individual residing in the State of California. Decedent Daniel died intestate. Decedent Daniel did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent Daniel, this action is maintained by his Successor-in-Interest, I.J., a minor by and through her Guardian Ad Litem, Maria Cervantes. Said Plaintiff is the biological daughter of Decedent Daniel and has standing to bring this action as Decedent Daniel was unmarried at the time of his death.

7.      Plaintiff YMELDA ELENA (hereinafter "Plaintiff Ymelda"), is and was at all times mentioned herein, the biological mother of Decedent Daniel. Plaintiff Ymelda sues in her individual capacity.

**COMPLAINT FOR DAMAGES**

8.    Plaintiff MARIO ELENA (hereinafter "Plaintiff Mario"), is and was at all times mentioned herein, the biological father of Decedent Daniel. Plaintiff Mario sues in his individual capacity.

9.    Plaintiff I.J. (hereinafter "Plaintiff I.J."), a minor by and through her Guardian Ad Litem, Maria Cervantes, is and was at all times mentioned herein, the biological daughter of Decedent Daniel. Plaintiff I.J. sues as an individual and as Successor-in-Interest to Decedent Daniel.

10.    Defendant WILLIAM JONES, JR. (hereinafter "Defendant Jones"), is and was at all times mentioned herein, a police officer for the City of Los Angeles Police Department and employee of the City of Los Angeles. Defendant Jones is sued individually and in his official capacity as a police officer for the Los Angeles Police Department.

11.    Defendant CITY OF LOS ANGELES (hereinafter "Defendant City") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times mentioned herein, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Los Angeles Police Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City is and was the employer of Defendants Jones and DOES 1 through 50, inclusive, (hereinafter, collectively, "Defendant Officers"), individually and in their official capacities as police officers for the City of Los Angeles Police Department.

12.    Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege said Defendants true names and capacities when that information becomes known

**COMPLAINT FOR DAMAGES**

to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

13.    Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

14.    Plaintiffs are required to comply with the administrative procedures set forth in the California Government Claims Act. Plaintiffs filed Claims against the City of Los Angeles on March 31, 2022.

**COMPLAINT FOR DAMAGES**

15.     The City of Los Angeles rejected Plaintiff Ymelda's Claim (Claim No. C22-15103); Plaintiff Mario's Claim (Claim No. C22-15110); and Plaintiff I.J.'s Claim (Claim No. C22-15112) on April 19, 2022.

16.     Plaintiffs therefore exhausted all administrative remedies pursuant to section 910 of the California Government Code.

## **PRELIMINARY ALLEGATIONS**

17.     The City of Los Angeles is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code, for the acts and omissions of Defendants Jones and DOES 1 through 50, and each of them, who at the time they caused Decedent's and Plaintiffs' injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant City, and acting within the course and scope of their employment and/or agency.

18.     Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control.

19.     Whenever and wherever reference is made in this Complaint to any act by Defendants Jones and DOES 1 through 50, such allegations and references shall also be deemed to mean the acts, and failures to act, of each Defendant DOE Officer, individually, jointly, or severally.

**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

20.     On December 23, 2021, at approximately 11:45 a.m., several members of the Los Angeles Police Department responded to the Burlington Coat Factory at 12121 Victory Boulevard in North Hollywood, California, after receiving 911 calls of a reported assault by a Hispanic male coming from inside the store. Once officers arrived on scene, teams of armed officers started entering the store.

21.     Shortly thereafter, Defendant Jones arrived to the location. Upon his arrival and without hesitation, Defendant Jones went straight to the trunk of the patrol car, removed his department-issued rifle, and added an extended magazine clip. He then proceeded to walk into the store and met a team of armed officers at the escalator. Once they reached the second floor, Defendant Jones pushed through the line of officers and unilaterally assigned himself as the point person. The team of officers repeatedly told Defendant Jones to "hold up" and "slow down," however, Defendant Jones disregarded his team of officers and continued his pursuit.

22.     Defendant Jones proceeded to walk through the store when he eventually encountered an injured woman lying on the ground. Mr. Elena-Lopez was seen at the far end of the aisle near the dressing rooms, with his back turned toward Defendant Jones. Without any warning, Defendant Jones inexcusably fired three (3) rounds from his rifle, striking Mr. Elena-Lopez and a minor who was sheltering in place inside the dressing room. Defendant Jones' actions were reckless, unjustified, and entirely unreasonable under the circumstances. Two lives were tragically taken as a result.

23.     Plaintiffs are informed and believe, and thereon allege, that Defendant Jones proceeded to use excessive and deadly force against Decedent without warning and without provocation, and to assault and batter Decedent through acts that include but are not limited to, unjustifiably discharging several rounds from a department-issued rifle at Decedent. Even after Decedent no longer posed a credible

**COMPLAINT FOR DAMAGES**

threat to any patron, Defendant Jones or any other officer, Defendant Jones disregarded his training, improperly assessed the situation, and ignored commands from his fellow officers. Defendant Jones' use of lethal force against Decedent while Decedent had his back turned and was facing away from the officers, was excessive under the circumstances, and thereby, unconstitutional.

24.    Plaintiffs are informed and believe, and thereon allege, that upon arriving at 12121 Victory Boulevard, North Hollywood, California, Defendant Jones, while acting under the color of state law, and in the course and scope of his employment with the Defendant City and the Los Angeles Police Department, negligently assessed the circumstances presented to him when officers came into contact with Decedent.

25.    At no time during the officers' encounter with Decedent, did Decedent pose any reasonable or credible threat of violence to Defendant Jones or the other officers, nor did he do anything to justify the deadly force used against him. Decedent had his back turned when Defendant Jones shot him. Such force exercised against Decedent was excessive, unnecessary, and thereby, unlawful.

26.    Moreover, Decedent made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual at the time officers encountered him. Furthermore, Defendant Jones was never faced with any circumstances during the encounter with Decedent which would have led a reasonable police officer to believe that Decedent posed the risk of death or serious bodily injury to any person at the time lethal force was used.

27.    After a significant and appreciable period of time had passed following the shooting, Decedent died as the direct and proximate result of the gunshot wounds inflicted by Defendant Jones.

**COMPLAINT FOR DAMAGES**

28.     Plaintiffs are informed and believe, and thereon allege, that Defendants DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants Jones and DOES 1-25. Their failure to discipline Defendants Jones and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests, and the use of excessive and/or deadly force against Los Angeles County citizens.

29.     Plaintiffs are informed and believe, and thereon allege, that members of the Los Angeles Police Department, including but not limited to, Defendants Jones and DOES 1-50, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Decedent.

30.     Plaintiffs are informed and believe, and thereon allege, that the Los Angeles Police Department knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

31.     At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Decedent's and Plaintiffs' rights, and in the alternative, negligent and objectively unreasonable.

## **DAMAGES**

32.     As a consequence of Defendants' violation of Decedent's and Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, which includes but is not limited to, Plaintiffs' loss of familial relations, and the loss of Decedent's society, comfort, protection, companionship, love, affection, solace, and financial and moral support.

**COMPLAINT FOR DAMAGES**

33.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Violation of the Fourth Amendment of the U.S. Constitution – Excessive Force)
### (Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants JONES and DOES 1-25)

34.     Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 33 of this Complaint.

35.     The foregoing claim for relief arose in Decedent's favor and Decedent would have been the Plaintiff with respect to this claim if he had survived.

36.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

37.     Decedent had firmly established rights under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive and deadly force being used against him.

38.     Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

**COMPLAINT FOR DAMAGES**

39.    While acting in the performance of his official duties, Defendant Jones used deadly force against Decedent by shooting his rifle three (3) times, intentionally striking and killing Decedent, which was excessive and unreasonable under the circumstances. The team of officers on scene repeatedly told Defendant Jones to "hold up" and "slow down." Defendant Jones ignored his fellow officers and disregarded his training. Moreover, Decedent was facing away from Defendant Jones with his back turned when Defendant Jones fired his rifle at Decedent without warning.

40.    Decedent posed no immediate threat of harm to Defendant Jones or any other officer or individual when he was shot and killed. Defendant's use of deadly force was unjustified and deprived Decedent of his right to be secure in his person against unreasonable searches and seizures, as guaranteed to Decedent under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment of the United States Constitution.

41.    As a result, Decedent suffered extreme pain and suffering, and eventually suffered a loss of life and the loss of earning capacity. Moreover, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

42.    Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with reckless disregard for the constitutionally protected rights, welfare, and safety of Decedent.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///
///
///
///

**COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Violation of the Fourteenth Amendment of the U.S. Constitution –
Right to Familial Relationship)**
**(Plaintiffs YMELDA ELENA and MARIO ELENA, individually, and
Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA
CERVANTES, individually and as successor-in-interest to Decedent Daniel
Elena-Lopez Against Defendants JONES and DOES 1-25)**

43.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 of this Complaint.

44.     Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution, to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationship with their son and father, Decedent Daniel Elena-Lopez.

45.     Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

46.     As a result of the excessive and deadly force inflicted by Defendant Jones, Decedent died from his injuries. Plaintiffs were thereby deprived of their constitutional right to a familial relationship with their son and father, Decedent.

47.     Defendants, acting under color of state law, thus violated Plaintiffs' Fourteenth Amendment rights to be free from unwarranted interference with their familial relationship with Decedent.

48.     The aforementioned actions of Defendant Jones, along with other undiscovered conduct, shock the conscience, in that he acted with deliberate

**COMPLAINT FOR DAMAGES**

indifference to the constitutional rights of Decedent and Plaintiffs, and with purpose to inflict harm, unrelated to any legitimate law enforcement objective.

49.    Defendants, acting under color of state law, thus violated the constitutional rights of Decedent and Plaintiffs, to which they are guaranteed under the Fourteenth Amendment.

50.    As a direct and proximate cause of the acts of Defendants, Decedent experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain, and have been injured in mind and body. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

51.    As a result of Defendants' unlawful conduct, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

52.    The conduct of Defendants was willful, wanton, and malicious, and done with reckless disregard of the constitutionally protected rights, welfare and safety of Decedent and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants CITY and DOES 26-50)**

53.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 52 of this Complaint.

**COMPLAINT FOR DAMAGES**

54.     On information and belief, the conduct of Defendants Jones and DOES 1-25, inclusive, individually and as peace officers, was ratified by Defendant City's police department supervisorial officers, Defendants DOES 26-50.

55.     On information and belief, Defendant Jones was not disciplined for using unjustified deadly force against Decedent.

56.     Prior to and continuing from, December 23, 2021, Defendants, individually and as peace officers, deprived Decedent and Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments of the United States Constitution, in that said Defendants, and their supervising and managerial commanders, employees, agents, and representatives, acted with gross negligence, and with reckless disregard and deliberate indifference to the rights and liberties of the public in general, and of Decedent and Plaintiffs, and of persons in their class, situation, or comparable position in particular, knowingly maintained, enforced, and applied, an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers, detectives, and other personnel, including Defendants Jones and DOES 1 through 25, individually and as peace officers; who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Los Angeles Police Department policies, including the use of excessive and deadly force, and respecting the protections afforded to citizens under the Fourth Amendment;

    b. Inadequately supervising, training, controlling, assigning, and disciplining Defendant City police officers, detectives, and other personnel, including Defendants Jones and DOES 1 through 25, whom Defendant City knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and

**COMPLAINT FOR DAMAGES**

character traits, including the propensity for violence and the use of excessive force;

c. Inadequately supervising, training, controlling, assigning, and disciplining Defendant City police officers, detectives, and other personnel, including Defendants Jones and DOES 1 through 25, in responding to individuals who were mentally impaired or disabled, or under the influence of controlled substances;

d. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendants Jones and DOES 1 through 25 who are police officers of Defendant City;

e. Failing to discipline Defendant City police officers and/or detectives for their misconduct, including but not limited to, unlawful seizures and excessive and/or deadly force;

f. Ratifying the intentional misconduct of Defendants Jones and DOES 1 through 25 who are police officers and/or detectives of Defendant City;

g. Having and maintaining an unconstitutional policy, custom and practice, of detaining and arresting individuals without probable cause or reasonable articulable suspicion, and using excessive force, including deadly force, demonstrated by the grossly inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with deliberate indifference to individuals' rights, safety and welfare; and

h. Failing to properly investigate claims of unlawful seizures and excessive force by Defendant City police officers and/or detectives.

57. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent sustained severe, life-threatening

injuries, was inflicted with pain and suffering, and ultimately, lost his life and earning capacity, when Defendant Jones disregarded his training, ignored commands from his fellow officers, and discharged three lethal rounds at Decedent without warning while his back was turned, for which Plaintiffs are entitled to recover damages.

58.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

59.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the life of Decedent. Each of their actions and inactions was willful, wanton, intentional, oppressive, malicious, fraudulent, extremely offensive and outright unconscionable, to any person of normal sensibilities.

60.    Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by, Decedent and Plaintiffs.

61.    By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral costs and related burial expenses, the loss of gifts and benefits, and the loss of financial support.

**COMPLAINT FOR DAMAGES**

62.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future financial and moral support.

63.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (California Civil Code §§ 377.60 and 377.61)
### (Wrongful Death – Negligence)
### (Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants JONES and DOES 1-25)

64.     Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 63 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

65.     Despite the absence of any credible threat directed towards Defendant Jones or any other officer or individual at the time officers encountered Decedent, Defendant Jones nevertheless shot his rifle three times at Decedent while his back was turned.

66.     Decedent died intestate and unmarried. Plaintiff is therefore the proper person to sue for his wrongful death under California state law.

67.     Defendants' negligent actions and/or negligent omissions, occurred within the course and scope of their employment as police officers for Defendant City. These actions and omissions, as set forth in the allegations of this Complaint, directly and proximately caused the death of Decedent.

**COMPLAINT FOR DAMAGES**

68.     As an actual and proximate consequence of Defendants' negligence, resulting in the death of Decedent and the loss of comfort, society, attention, services, and support of Decedent, son and father, Plaintiffs have sustained pecuniary losses, in an amount according to proof at trial.

69.     As a further consequence, actually and proximately caused by Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

70.     Pursuant to sections 377.60 and 377.61 of the California Code of Civil Procedure, Plaintiffs have brought this civil rights action, and claim damages from said Defendants, for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Violation of California Civil Code § 52.1)**
**(Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants CITY, JONES, and DOES 1-25)**

71.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 70 of this Complaint.

72.     Decedent was violently confronted by Defendant Jones and subjected to lethal force despite never posing a threat to the safety of Defendant Jones or any other officers or individuals. At the time of the encounter, there was a large police presence throughout and around the entire store, and several members of the Los Angeles Police Department were armed. Defendant Jones first encountered Decedent when he was moving away from officers with his back turned. Nonetheless, Defendant Jones ignored the commands of his fellow officers to slow down and fired three rounds from his rifle at Decedent without warning, striking and killing Decedent.

**COMPLAINT FOR DAMAGES**

73.    Defendants' aforementioned conduct constituted interference and attempted interference, by threats, intimidation and coercion, with Decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of section 52.1 of the California Civil Code.

74.    As a direct and proximate result of Defendants' violation of section 52.1 of the California Civil Code, Decedent and Plaintiffs were deprived of their constitutional rights and suffered damages, as set forth herein.

75.    Plaintiffs are entitled to injunctive relief and an award of their reasonable attorneys' fees, pursuant to California Civil Code section 52.1, subdivision (h).

76.    Plaintiffs are entitled to treble damages, but in no case less than $4,000.00, and an award of their reasonable attorneys' fees, pursuant to California Civil Code section 52.1, subdivision (a).

77.    Under the provisions of California Civil Code section 52.1, subdivision (b), Defendants are liable for punitive damages for each violation of section 52.1, reasonable attorneys' fees, and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Survival Action: Assault/Battery)**
**(Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants CITY, JONES, and DOES 1-25)**

78.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 77 of this Complaint.

79.    Defendant Jones shot Decedent without cause or provocation, after Decedent no longer posed a threat to any patron or officer and had his back turned

**COMPLAINT FOR DAMAGES**

to Defendant Jones. Such conduct was neither privileged nor justified under statute or common law.

80.     The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Jones and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Jones and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Jones and DOES 1-25, pursuant to section 815.2 of the California Government Code.

81.     Defendants' conduct caused Decedent to experience severe pain and suffering, and the loss of life and earning capacity.

82.     Consequently, Plaintiffs have suffered the loss of life-long love, companionship, affection, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives, and further damages according to proof at the time of trial.

83.     The conduct alleged herein was willful, malicious, intentional, deliberate, and done with reckless disregard of Decedent's and Plaintiffs' constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
**(Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants CITY, JONES, and DOES 1-25)**

84.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 83 of this Complaint.

**COMPLAINT FOR DAMAGES**

85.    Decedent was facing away from Defendant Jones with his back turned when Defendant Jones ignored his fellow officers and fired three rounds from his rifle, striking Decedent.

86.    Defendants' conduct as described herein was outrageous.

87.    Defendants intended to cause Plaintiffs emotional distress.

88.    Defendants acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

89.    Plaintiffs suffered severe emotional distress from Defendants' conduct.

90.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Jones and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Jones and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Jones and DOES 1-25, pursuant to section 815.2 of the California Government Code.

91.    Defendants' conduct as described herein was a substantial factor in causing Plaintiffs' severe emotional distress.

92.    Defendants' conduct caused Plaintiffs to suffer physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

93.    The conduct alleged herein was done in a willful, intentional, deliberate, or reckless disregard of Plaintiffs' constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**COMPLAINT FOR DAMAGES**

# EIGHTH CAUSE OF ACTION
## (Negligence)
**(Plaintiff I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, as Successor-in-Interest to Decedent Daniel Elena-Lopez Against Defendants CITY, JONES, and DOES 1-50)**

94. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 93 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

95. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Jones and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Jones and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Jones and DOES 1-25, pursuant to section 815.2 of the California Government Code.

96. Defendants, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force. Discharging a department issued firearm into a person is de facto deadly force.

97. Defendant Jones acted negligently in the pre-arrest tactics preceding the use of deadly force against Decedent when he failed to perform a reasonable evaluation of the circumstances prior to discharging his rifle inside the store. Defendant Jones had no credible or otherwise objectively reasonable threat to his safety or that of another officer or person, at the time officers encountered Decedent to justify the deadly force inflicted upon him. Decedent was moving in a direction away from the officers and had his back towards Defendant Jones when he was shot.

**COMPLAINT FOR DAMAGES**

Decedent did not make any furtive gestures, threatening statements, or aggressive actions at the time deadly force was exercised.

98.    Defendants were further negligent in failing to warn before their use of deadly force as their training requires.

99.    Defendants' negligence was the proximate cause of Decedent's death, the direct cause being the illegal, unjustified, and, in the alternative, negligent shooting of Decedent.

100.    Finally, Defendants are liable for negligently failing to intervene when fellow officers violate the constitutional rights of another.

101.    Defendants were negligent in failing to intervene as Decedent's Fourth Amendment rights were violated by the illegal and unjustified shooting of Decedent. It was clear that the use of force was excessive and would likely cause the death of Decedent, yet none of the Defendants intervened, or reasonably attempted to intervene, during the entirety of the officers' encounter with Decedent.

102.    Both Decedent and Plaintiff were harmed physically, mentally, emotionally, and financially, and Defendants' negligence was a direct and substantial factor in causing this harm.

103.    Plaintiff suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

104.    Plaintiffs hereby demand a jury trial in this civil rights action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief as follows:

1. Compensatory damages in a sum according to proof;

2. For general damages in a sum according to proof;

3. For special damages in a sum according to proof;

**COMPLAINT FOR DAMAGES**

4. For punitive damages in a sum according to proof, as to Defendant DOES 1-25;

5. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

6. For any and all statutory damages allowed by law;

7. For cost of suit herein incurred; and

8. For such other and further relief as the Court deems just and proper.

Dated:  October 19, 2022          **BURRIS, NISENBAUM, CURRY, AND LACY LLP**


By:   */s/ Julia N. Quesada*
   John L. Burris
   DeWitt M. Lacy
   Julia N. Quesada
   Lena P. Andrews

   Attorneys for Plaintiffs,
   Ymelda Elena, Mario Elena, and I.J.,
   a minor by and through her Guardian
   Ad Litem, Maria Cervantes

**COMPLAINT FOR DAMAGES**