**BURRIS, NISENBAUM, CURRY & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile:  (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff
Ymelda Elena, Mario Elena, & I.J.

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YMELDA ELENA, an individual; MARIO ELENA, an individual; and I.J., a minor by and through her Guardian Ad Litem, MARIA CERVANTES, individually and as Successor-in-Interest to Decedent Daniel Elena-Lopez,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; WILLIAM JONES, JR., individually and in official capacity as a police officer for the Los Angeles Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police | Case No.: 2:22-cv-07651-KK-KS<br><br>*(Hon. Judge Kenly Kiya Kato; Hon. Magistrate Judge Karen Stevenson)*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE NO. 5 TO EXCLUDE ECONOMIC CALCULATION OF DAMAGES AND EXCLUDE ANY ARGUMENT OF A SPECIFIC DOLLAR AMOUNT FOR DAMAGES [DKT. 103]** |

| | |
|---|---|
| officers for Los Angeles Police Department,<br><br>        Defendants. | FPTC:  March 20, 2025, 11:00 am<br>Trial:    April 7, 2025 |

## INTRODUCTION

Plaintiff I.J., by and through her guardian ad litem MARIA CERVANTES, hereby opposes Defendants' Motion in Limine No. 3 to Exclude any testimony, documents, evidence of damages or other evidence from or relating to their economic damages calculations and excluding Plaintiffs from requesting from the jury a specific dollar amount for his non-economic damages on the grounds that Plaintiff is not claiming economic damages and that Plaintiff's non-economic damages are not subject to calculation and may be presented at trial.

## ARGUMENT

**I.    D**ECEDENT'S **N**ON-**E**CONOMIC **D**AMAGES FOR **P**RE-**D**EATH **P**AIN AND **S**UFFERING AND **P**LAINTIFF'S **N**ON-**E**CONOMIC **D**AMAGES FOR **L**OSS OF **L**OVE, **C**OMPANIONSHIP, **S**UPPORT, **E**TC. ARE **N**OT **S**UBJECT TO **C**ALCULATION AND **M**AY BE **S**UGGESTED AT **T**RIAL

While Rule 26 generally requires a party to provide a computation of such damages, emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation. *Creswell v. HCAL Corp.*, No. 04CV388BTMRBB, 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007) (holding that Plaintiff's failure to make specific calculations for emotional distress, pain, and suffering is excusable as such damages are vague and unspecific in nature thus not readily amenable to computation.)

Defendants cite *First v. Kia of El Cajon*, No. 10-CV-536-DMS BGS, 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010) for the proposition that Plaintiff must be precluded from asking the jury for a specific amount of damages at trial.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE NO. 5 TO EXCLUDE ECONOMIC CALCULATION OF DAMAGES AND EXCLUDE ANY ARGUMENT OF A SPECIFIC DOLLAR AMOUNT FOR DAMAGES [DKT. 103]**

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

However, this case did not announce such a rule of law; instead it agreed that specific computations or calculations non-economic damages are not required under Rule 26. In dicta, the Court stated merely that Plaintiff "*may be*" foreclosed from suggesting that specific amount at trial; it does not follow that in all cases Plaintiff *must be* foreclosed from suggesting such a sum.

Here, the damages Plaintiff is claiming include the pre-death pain and suffering and loss of life damages for Decedent as well her own wrongful death damages stemming from the loss of her father. These are all non-economic damages that are not readily subject to calculating. Moreover, Defendants never requested a more definite statement of the non-economic damages, never propounded any discovery on this issue, and chose to forego deposing Plaintiff I.J. or her guardian ad litem for such information.

There is no case law that counsel for Plaintiff could locate that suggests that in the Ninth Circuit exclusion of a specific dollar amount of non-economic damages for pain and suffering is warranted under these circumstances.

Moreover, Defendants are not arguing that Plaintiff failed to disclose the categories of her non-economic damages and thus is not entitled to all the non-economic damages included in her Complaint. The only argument is that Plaintiff be foreclosed from suggesting an amount to the jury. However, there is no prejudice in Plaintiff's counsel making argument at closing argument and suggesting a specific sum of damages to the jury, as this is common practice during trial. Moreover, argument by attorneys is not evidence and the Jury is free to disregarding Plaintiff's counsel's suggestion in favor of their own damages calculation.

Finally, punitive damages are a category of non-economic damages that are also not readily subject to calculation and thus are excused from Rule 26's computation requirement. Plaintiff pled punitive damages in her complaint and intends to seek them at trial. "Punitive damages can be based upon a variety of

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

factors including the reprehensibility of Defendant's conduct, which is obviously not quantifiable, and Defendant's financial condition, to which Plaintiff would not readily have access." *Creswell,* 2007 WL 628036 at *2. Thus, Plaintiff should also be permitted to suggest an amount of punitive damages to the jury at trial.

## II. ANY FAILURE TO DISCLOSE A SPECIFIC AMOUNT OF NON-ECONOMIC DAMAGES WAS JUSTIFIED

Fed. R. Civ. P. Rule 37(c)(1) states "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Here, as explained above Plaintiff did not violate Rule 26's computation requirement as calculations are not required for non-economic damages such as emotional distress, pain, suffering, or punitive damages. Moreover, any alleged failure is harmless and substantially justified.

As Plaintiff is not claiming economic damages that require a calculation, Plaintiff reasonably believed she was exempt from providing calculations for the non-economic damages thus the failure was substantially justified. Moreover, Defendants suffered no harm as a result. Defendants were well aware that Plaintiff intended to seek non-economic damages yet conducted no written discovery as to Plaintiff's non-economic damages nor did they depose Plaintiff I.J. or her guardian ad litem. Plaintiff could not have produced any other discovery regarding this issue as pain, suffering, emotional distress, and punitive damages are not the type of damages that are based on calculations. *See e.g. Creswell*, 2007 WL 628036, at *2 ("Plaintiff's failure to disclose his intention to seek any punitive damages is deemed harmless by the Court because there is no additional discovery which Defendant would have required had it been so informed.").

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants Motion in Limine No. 5 in its entirety and allow Plaintiff to suggest a specific damages amount to the jury.

Dated:  March 6, 2025                                    **BURRIS, NISENBAUM, CURRY & LACY LLP**


                                                    By: /s/ *Lena Andrews*
                                                         DeWITT M. LACY
                                                         JOHN L. BURRIS
                                                         JULIA N. QUESADA
                                                         LENA P. ANDREWS
                                                         Attorneys for Plaintiff,
                                                         Ymelda Elena, Mario Elena, & I.J.

BURRIS, NISENBAUM, CURRY & LACY LLP
9701 Wilshire Boulevard, Suite 1000
Beverly Hills, California 90212